

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION

******************************************************************

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | CR 07-10010-01 |
| Plaintiff, | * | |
| -vs- | * | ORDER |
| JORGE VASQUEZ-HERRERA, | * | |
| Defendant. | * | |

******************************************************************

Defendant was charged in this case with conspiring between August 2004 and February 2006 to distribute methamphetamine with seven other defendants. He was one of 32 defendants indicted on drug charges in the Northern Division during April 2007. On June 11, 2007, he was writted out of Illinois state court custody where he was serving a 12 year sentence for marijuana trafficking which took place in Illinois during February 2006. He pleaded guilty to conspiracy in this federal matter and was sentenced on November 20, 2007. His federal sentence was ordered to run concurrently, in part, with his Illinois sentence but 84 months (seven years) of his federal sentence were to be served consecutively to the Illinois sentence.

Defendant has filed motions to obtain the transcript of his sentencing hearing and a copy of the judgment. He claims that the Federal Bureau of Prisons ("BOP") transferred him to the Reeves County Detention Center in Pecos, Texas, six months ago and when they did so, his release date increased by seven years. He claims that his sentencing transcript and judgment are required to help resolve his claims that he will serve a longer sentence than ordered.

The BOP lists the Reeves County Detention Center as a contract facility operated by a private corporation. Defendant's estimated release date is September 22, 2024.

> After a district court sentences a federal offender, the Attorney General, through the BOP, has the responsibility for administering the sentence. *See* 18 U.S.C. § 3621(a) ("A person who has been sentenced to a term of imprisonment . . . shall be committed to the custody of the Bureau of Prisons until the expiration of the term imposed"). To fulfill this duty, the BOP must know how much of the sentence the offender has left to serve.

United States v. Wilson, 503 U.S. 329, 335, 112 S.Ct. 1351, 1355 (1992). The BOP determines defendant's release date by taking into account the sentence imposed, calculating credit for time served as authorized by 18 U.S.C. § 3585(b), calculating good time credit as authorized by 18 U.S.C. § 3624, and determining the effect of consecutive and concurrent sentences imposed pursuant to 18 U.S.C. § 3584.

"Federal regulations have afforded prisoners administrative review of the computation of their credits, see 28 CFR §§ 542.10–542.16 (1990) . . . and prisoners have been able to seek judicial review of these computations after exhausting their administrative remedies." United States v. Wilson, *supra*. "If [federal prison] administrative grievance procedures provide an adequate means for impartial review, then a federal prisoner must exhaust available administrative remedies within the correctional system prior to seeking extraordinary relief in federal court." Willis v. Ciccone, 506 F.2d 1011, 1015 (8th Cir. 1974). Federal prisoners can seek judicial review of the administrative decision by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the district in which they are confined. United States v. Chappel, 208 F.3d 1069, 1069-70 (8th Cir. 2000), Bell v. United States, 48 F.3d 1042, 1043 (8th Cir. 1995), Kendrick v. Carlson, 995 F.2d 1440, 1447 (8th Cir. 1993), Tucker v. Carlson, 925 F.2d 330, 331 (9th Cir. 1991), U.S. v. Giddings, 740 F.2d 770, 772 (9th Cir. 1984).

The BOP has available to it all pertinent documents that affect the length of defendant's sentence. The sentence imposed orally at the sentencing hearing is reflected in the Judgment and Commitment. The sentencing transcript is therefore not necessary. Defendant may review

a copy of the judgment and commitment which is contained in his Inmate Central File by submitting a request to a Bureau of Prisons staff member pursuant to BOP Program Statement 5800.11.

Now, therefore,

IT IS ORDERED that the motion, Doc. 404, for a copy of the sentencing transcript at government expense and the motion, Doc. 405, to proceed *in forma pauperis* are denied.

Dated this 5th day of February, 2014.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: *Barbara J. Poepke*
        DEPUTY
(SEAL)